UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ORLIN ROGERS                                           CIVIL ACTION

VERSUS                                                 CASE NO. 15-5710

LOWE'S HOME CENTERS, LLC, et al.                       SECTION: "G"(4)

## ORDER

Before the Court is Plaintiff Orlin Rogers' ("Rogers") "Motion to Remand."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion.

## I. Background

### A. *Factual Background*

According to the petition, on March 7, 2014, Rogers entered Lowe's Home Centers Store #1070 in Hammond, Louisiana in order to purchase a lawnmower.[2] Rogers claims that he asked two store employees—a John Doe and Richard Rowe—to help him retrieve a lawnmower from the top shelf against the wall of Defendant Lowe's Home Centers, LLC's ("Lowe's") store.[3] According to Rogers, as the employees began to bring the merchandise toward the floor, he backed away from the machinery and tripped and fell over a dolly that the store's employees had placed in the area where they were working, causing numerous injuries to Rogers.[4]

---

[1] Rec. Doc. 7.

[2] Rec. Doc. 1-1 at 1.

[3] *Id.*

[4] *Id.*

1

Rogers alleges that John Doe and Richard Rowe were negligent in failing to: (1) cordon off the area where the merchandise was being lowered; (2) ascertain that no shoppers or visitors were in the area of the retrieval of the merchandise; (3) warn the plaintiff and other shoppers that a dolly had been placed in the proximity of the area where the merchandise was being lowered; and (4) make sure to inform Rogers to move completely out of the area where the merchandise was being lowered.[5] Rogers also claims that store manager Frank Heigle ("Heigle") was negligent for failing to: (1) properly train his employees in the proper safety precautions for shoppers; (2) inspect the premises to ensure the area of activity was properly cordoned off; and (3) ascertain through observations with video cameras and/or personal inspection that all safety precautions had been followed and that shoppers were properly warned to be away from the area where the employees were working.[6]

### B. *Procedural Background*

Plaintiff filed the petition in this matter on March 4, 2015.[7] On November 4, 2015, Defendants Lowe's and Heigle (collectively, "Defendants") filed a notice of removal.[8] On December 9, 2015, Plaintiff filed the instant motion to remand.[9] Defendants filed an opposition on December 23, 2015.[10] On January 28, 2016, with leave of Court, Plaintiff filed a reply

---

[5] *Id.* at 2.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] Rec. Doc. 7.

[10] Rec. Doc. 8.

2

memorandum.[11] On July 26, 2016, Plaintiff sought leave to file a supplemental memorandum in support of his motion to remand,[12] which Defendants opposed.[13] On July 27, 2016, the Court granted Plaintiff's motion.[14] On August 10, 2016, with leave of the Court, Defendants filed a supplemental memorandum in opposition.[15]

## II. Parties' Arguments

### A. *Defendants' Notice of Removal*

In the notice of removal, Defendants allege that complete diversity exists in this matter because Heigle and the two fictitiously named employees were fraudulently joined to defeat diversity.[16] According to Defendants, although Heigle is admittedly domiciled in Louisiana, as is Plaintiff, he cannot be held liable under Louisiana law because he did not breach an independent personal duty.[17] Defendants allege that general claims that Heigle was negligent are insufficient to defeat diversity jurisdiction.[18]

Furthermore, Defendants argue that the amount in controversy, although not facially apparent in the petition, was met on October 9, 2015, when Lowe's deposed Plaintiff and learned

---

[11] Rec. Doc. 12.

[12] Rec. Doc. 14.

[13] Rec. Doc. 16.

[14] Rec. Doc. 18.

[15] Rec. Doc. 22.

[16] Rec. Doc. 1 at 2.

[17] *Id.* (citing *Brady v. Wal-Mart Stores*, 907 F. Supp. 958, 960 (M.D. La. 1995); *Canter v. Koehring*, 283 So. 2d 716, 721 (La. 1973)).

[18] *Id.* at 3.

3

that he had undergone a lumbar surgery related to his alleged injuries, which notified Defendants that the amount in controversy exceeded $75,000.[19] Therefore, Defendants assert, there is complete diversity of citizenship between Rogers and Lowe's, and the amount of controversy is met, conferring diversity jurisdiction upon this Court.[20]

### B.     *Plaintiff's Arguments in Support of Remand*

In his motion to remand, Plaintiff alleges that Heigle was personally present prior to the accident in the area where the accident occurred, and had the opportunity to prevent the accident had he properly exercised his duties.[21] Furthermore, Rogers claims that after the incident, Heigle lied to other employees to cover up his negligent acts.[22] According to Plaintiff, Heigle is not merely a nominal party, as evidenced by his presence in the area prior to the accident, his supervision of the employees who should have erected barriers at the scene of the accident, his personal instructions to employees in the area of the accident, his personal failure to warn Plaintiff of the dolly's placement, and his personal engagement in a cover-up of the facts of the accident.[23] Therefore, Plaintiff argues, Defendants' actions warrant the Court imposing sanctions and attorney's fees for the wrongful removal of these proceedings.[24]

---

[19] *Id.* at 4.

[20] *Id.*

[21] Rec. Doc. 7-1 at 1.

[22] *Id.* at 2.

[23] *Id.*

[24] *Id.*

### C.     *Defendants' Arguments in Opposition to Remand*

In opposition, Defendants contend that Rogers has improperly attempted to expand the pleadings and include an allegation against Heigle that was not in his petition.[25] According to Defendants, Rogers' motion seeks, for the first time, to claim that Heigle purposefully withheld information in the accident report after the accident at issue.[26] However, Defendants claim, there is no evidence to support Plaintiff's allegation, which is absent from his petition for damages and is included in his motion for the sole purpose of destroying diversity.[27] Defendants assert that Rogers' allegations against Heigle in his petition—namely that he failed to properly train his employees, failed to inspect the premises, and failed to ascertain that safety precautions had been followed—were rejected as giving grounds to liability in *Canter v. Koehring Co.* and numerous cases since.[28]  Therefore, Defendants argue, Rogers' motion to remand should be denied.[29]

### D.     *Plaintiff's Arguments in Further Support of Remand*

In reply, Rogers alleges that a motion to compel answers to discovery was filed in state court but the case was removed before any decision could be rendered specifically as to the failure of Defendants to reveal the names of all employees on duty at the store on the date of the accident.[30] Plaintiff asserts that if the names of the employees and their work areas had been properly provided

---

[25] Rec. Doc. 8 at 1.

[26] *Id.*

[27] *Id.*

[28] *Id.* at 2–3 (citing 283 So. 2d 716, 721 (La. 1973)).

[29] *Id.*

[30] Rec. Doc. 12 at 2.

to him, Plaintiff would have amended his original petition to name those employees working in the area where he fell that were personally liable to him for his injuries.[31] Rogers argues that this matter should be remanded or, in the alternative, Lowe's should provide to Rogers the complete list of every employee working at its store on March 7, 2014, and the area they were working in, so Rogers may properly amend his complaint.[32]

### E.     *Plaintiff's Supplemental Memorandum*

In a supplemental memorandum, Plaintiff contends that in light of this Court's ruling in *Robertson v. Boyd*, Defendants cannot meet their burden of demonstrating that federal jurisdiction exists because the general damages are too speculative for the Court to find by a preponderance of the evidence that the amount in controversy would be satisfied.[33] According to Rogers, the only dollar amount set forth in any of the documents that Defendants filed in support of removal was the less than $14,000 that was owed to North Oaks Hospital for physical therapy.[34]

Plaintiff also alleges that on September 23, 2015, he answered Defendants' interrogatories, at which time he clearly identified what parts of his body were injured, listing 18 different healthcare providers that had treated him, which clearly put Defendants on notice that Plaintiff's injuries were in excess of the jurisdictional amount.[35] In addition, Plaintiff claims, (1) Defendants have not met their burden to establish that the jurisdictional amount has been satisfied to warrant

---

[31] *Id.* at 4.

[32] *Id.*

[33] Rec. Doc. 18 at 1 (citing No. 16-1547, 2016 WL 3086164, at *1 (E.D. La. June 2, 2016) (Brown, J.)).

[34] *Id.*

[35] *Id.* at 1–2.

removal; and (2) "[i]f the defendants were to produce any evidence that the jurisdictional amount would be satisfied, said evidence sufficient for its burden would have to be based upon evidence that they had been provided on and before September 23, 2015, which is more than the 30 day requirement found in 28 USC 1446."[36]

Furthermore, Rogers argues, as early as April 30, 2015, Defendants filed an answer in state court and requested a trial by jury, demonstrating that they knew that Rogers' injuries and damages were at least in excess of $50,000.[37] Rogers avers that because Defendants knew by September 23, 2015 that the amount in controversy was satisfied, they needed to file their notice of removal by October 24, 2015.[38] Instead, Rogers claims, Defendants waited until November 4, 2015, and thus their removal was untimely.[39]

### F.   *Defendants' Opposition to Plaintiff's Supplemental Memorandum*

Defendants first restate objections they made to Plaintiff's filing of a supplemental memorandum, alleging that just cause did not exist for the supplemental filing.[40] Furthermore, Defendants argue, Plaintiff is precluded by 28 U.S.C. § 1447 from asserting a procedural defect in Defendants' removal more than 30 days after the filing of the notice of removal.[41]

Defendants argue that Plaintiff never contested the sufficiency of the amount in

---

[36] *Id.* at 2.

[37] *Id.* at 3.

[38] *Id.* at 4.

[39] *Id.*

[40] Rec. Doc. 22 at 1.

[41] *Id.*

controversy in his original motion to remand, nor did he contest the timeliness of removal.[42] However, Defendants claim, having recognized that Heigle was indeed fraudulently joined, Plaintiff now seeks a second bite at the apple to remand the case.[43] Defendants aver that Plaintiff offers a contradictory two-fold argument alleging that the amount in controversy is insufficient to provide this Court with subject matter jurisdiction, but that alternatively, the amount in controversy is sufficient and Defendants' removal was untimely.[44]

Defendants contend that they have satisfied their burden to establish that the jurisdictional amount meets the threshold for subject matter jurisdiction.[45] Defendants distinguish *Robertson v. Boyd*, relied upon by Plaintiff, as involving a situation in which Defendants based their removal on the amount of the liability limits of their insurance policy, not on facts based in evidence as required by Fifth Circuit precedent.[46] Here, Defendants argue, they based their removal on summary judgment evidence in the form of Plaintiff's deposition testimony of October 9, 2015 and corresponding medical records received thereafter.[47] According to Defendants, Plaintiff testified that he was diagnosed with severe injuries including a torn calf, left ankle sprain, right hip pain, memory loss, a right shoulder injury, and a debilitating spine injury requiring lumbar surgery.[48] Defendants allege that on October 19, 2015, they received Plaintiff's medical records,

---

[42] *Id.*

[43] *Id.* at 2.

[44] *Id.*

[45] *Id.*

[46] *Id.*

[47] *Id.*

[48] *Id.* at 2–4.

8

listing medical expenses of approximately $45,000, which did not include the costs relative to Plaintiff's lumbar laminectomy surgery, which totaled $12,805.80 as of December 1, 2014.[49] Therefore, Defendants assert, at the time of removal, Plaintiff had incurred nearly $60,000 in medical expenses and was continuing treatment.[50] Defendants argue that because Plaintiff has also alleged that he is entitled to future medical expenses, mental anguish, physical pain and suffering, and disability, the evidence clearly establishes that the amount in controversy is sufficient to support federal subject matter jurisdiction.[51]

Next, Defendants argue that pursuant to 28 U.S.C. § 1447, this Court cannot consider Plaintiff's allegation that Defendants' removal was untimely, as a motion to remand on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.[52] Because timeliness of removal is a procedural defect rather than a defect in subject matter jurisdiction, Defendants assert, the Court cannot consider Plaintiff's argument, which was not raised in Plaintiff's motion to remand.[53] However, Defendants argue, even if the Court were to consider Plaintiff's procedural argument, it still fails because Defendants' removal was timely, as Defendants did not become aware of the extent of Plaintiff's injuries until October 9, 2015, less than 30 days before Defendants removed the case on November 4, 2015.[54]

---

[49] *Id.* at 4.

[50] *Id.*

[51] *Id.*

[52] *Id.* at 4–5.

[53] *Id.* at 5.

[54] *Id.* at 5–6.

9

### III. Law and Analysis

*A.    Legal Standard*

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[55] A federal court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[56] "When removal is based on diversity of citizenship, diversity must exist at the time of removal."[57] The removing party bears the burden of demonstrating that federal jurisdiction exists by a preponderance of the evidence.[58] Subject matter jurisdiction cannot be waived by the parties' conduct or consent.[59] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[60]

In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[61] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal

---

[55] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[56] 28 U.S.C. § 1332(a)(1).

[57] *Texas Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000) (citing 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3723 (1998 ed.)).

[58] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[59] *See Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir. 1991); *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985).

[60] 28 U.S.C. § 1447(c).

[61] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

jurisdiction is proper should be resolved against federal jurisdiction."[62] A removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.[63] When the plaintiff alleges a damages figure in excess of the required amount in controversy, "that amount controls if made in good faith."[64] If the plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal.[65]

Nevertheless, Louisiana law ordinarily does not allow a plaintiff to plead a specific amount of damages.[66] When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[67] A defendant satisfies this burden either "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[68] The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must

---

[62] *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[63] *See Allen*, 63 F.3d at 1335.

[64] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[65] *Id.*

[66] *See* La. Code Civ. P. art. 893.

[67] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon v. Wal-Mart Stores, Inc.*, 193 F.3d at 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335.

[68] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

11

submit evidence that establishes that the actual amount in controversy exceeded $75,000.[69]

## B. *Analysis*

In his initial motion to remand, Rogers argued that the case lacked complete diversity because Heigle was not fraudulently joined and therefore his citizenship, which should be considered, would destroy complete diversity. However, in a supplemental memorandum, Rogers also raised the issue of whether the amount in controversy was satisfied at the time of removal. Defendants argue that Plaintiff's supplemental memorandum was inappropriate, as he waited more than seven months after filing his motion to remand to raise for the first time the argument that the amount in controversy was not met. Moreover, Defendants criticize Rogers' supplemental memorandum for making two arguments that they claim are contradictory: first, that the amount in controversy was not met at the time of removal, and second, that the amount in controversy was met but Defendants did not timely remove the petition. However, because the Court finds, below, that the amount in controversy was not satisfied at the time of removal, the Court need not address arguments regarding improper joiner or timeliness.[70] Moreover, because parties cannot consent to subject matter jurisdiction,[71] Plaintiff's delay in raising his arguments regarding the amount in controversy will not preclude remand, as this Court must remand this matter if at any time before final judgment it appears that the Court lacks subject matter jurisdiction.[72]

---

[69] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[70] However, the Court is concerned by Plaintiff's unanswered allegation that Defendants have purposefully evaded sharing with Plaintiff the names—and presumably the domiciles—of the employees who could be individually liable to Plaintiff.. *See* Rec. Doc. 12 at 4.

[71] *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

[72] 28 U.S.C. § 1447(c).

12

Defendants argue—and Rogers does not appear to contest—that it was not facially apparent from Plaintiff's petition that the amount in controversy exceeded $75,000. Instead, Defendants aver, they learned that the amount in controversy was satisfied when they received medical records itemizing Plaintiff's medical expenses at approximately $45,000, plus $12,805.80 for a lumbar laminectomy surgery, totaling $57,805.80 in medical expenses at the time of removal.[73] Therefore, Defendants aver, because treatment was continuing at the time of removal, and because Plaintiff has otherwise alleged damages for future medical expenses, mental anguish, physical pain and suffering, and disability, the amount in controversy in this matter was met at the time of removal.[74]

The only evidence provided by Defendants at this stage regarding amount in controversy at the time of removal is the $57,805.80 in medical expenses that Rogers had incurred before Defendants removed the petition. Although they allege that Plaintiff continues to incur additional expenses as he undergoes continuing treatment, Defendants do not submit any evidence of any anticipated future medical treatment for Rogers or any other damages that he has incurred. Furthermore, although Plaintiff requests damages for physical pain and suffering, mental anguish and distress, and disability in his petition, "where a claim is made for pain and suffering in a personal injury case, the amount claimed by the plaintiff does not have to be accepted by the Court as the amount in controversy when determining whether or not the Court has jurisdiction."[75] Here,

---

[73] Rec. Doc. 22 at 4.

[74] *Id.*

[75] *Thomas v. Travelers Ins. Co.*, 258 F. Supp. 873, 876 (E.D. La. 1966) (West, J.) (citing *Leehans v. Am. Emp. Ins. Co.*, 273 F.2d 72, 72 (5th Cir. 1959)).

13

Plaintiff has not alleged in his petition that his pain and suffering along with medical expenses would exceed $75,000, and Defendants provide no evidence to suggest that they would.

In showing that the amount in controversy has been met, the burden is on the party asserting federal jurisdiction to set forth specific facts that prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Defendants allege medical expenses of $57,805.80.[76] The general damages in this case are too speculative for the Court to find by a preponderance of the evidence that they would exceed $17,194.20 in order for them to satisfy the amount in controversy requirement. Although the categories of damages that Plaintiff lists could potentially bring the amount in controversy over $75,000, the Fifth Circuit has held that such speculation is insufficient to satisfy the amount in controversy requirement, explaining that "[a] 'could well' standard sounds more like a 'possibility' standard of proof, rather than a 'more likely or not' standard."[77]

On similar facts and with $56,816.90 in accumulated medical expenses at the time of removal, this Court has previously remanded a similar petition in *Robertson v. Boyd* for failure to prove by a preponderance of the evidence that the amount in controversy was satisfied at the time of removal.[78] Likewise, in this matter, considering all of the evidence of the amount in controversy at the time the Notice of Removal was filed, Defendants have put forth insufficient evidence to demonstrate by a preponderance of the evidence that Plaintiff's claims, if proven, would be worth an amount in excess of $75,000.

---

[76] Rec. Doc. 23.

[77] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).

[78] No. 16-1547, 2016 WL 3086164, at *1 (E.D. La. June 2, 2016) (Brown, J.).

Plaintiff has not alleged in his petition that his pain and suffering along with medical expenses would exceed $75,000, and Defendants provide no evidence to suggest that they would.

In showing that the amount in controversy has been met, the burden is on the party asserting federal jurisdiction to set forth specific facts that prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Defendants allege medical expenses of $57,805.80.[76] The general damages in this case are too speculative for the Court to find by a preponderance of the evidence that they would exceed $17,194.20 in order for them to satisfy the amount in controversy requirement. Although the categories of damages that Plaintiff lists could potentially bring the amount in controversy over $75,000, the Fifth Circuit has held that such speculation is insufficient to satisfy the amount in controversy requirement, explaining that "[a] 'could well' standard sounds more like a 'possibility' standard of proof, rather than a 'more likely or not' standard."[77]

On similar facts and with $56,816.90 in accumulated medical expenses at the time of removal, this Court has previously remanded a similar petition in *Robertson v. Boyd* for failure to prove by a preponderance of the evidence that the amount in controversy was satisfied at the time of removal.[78] Likewise, in this matter, considering all of the evidence of the amount in controversy at the time the Notice of Removal was filed, Defendants have put forth insufficient evidence to demonstrate by a preponderance of the evidence that Plaintiff's claims, if proven, would be worth an amount in excess of $75,000.

---

[76] Rec. Doc. 23.

[77] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).

[78] No. 16-1547, 2016 WL 3086164, at *1 (E.D. La. June 2, 2016) (Brown, J.).

### IV. Conclusion

Based on the foregoing, the Court finds that Defendants have failed to carry their burden of proving by a preponderance of the evidence that the amount in controversy in this matter exceeded $75,000 at the time of removal. Because this Court lacks subject matter jurisdiction in this case, remand to state court is appropriate. Accordingly,

**IT IS HEREBY ORDERED** that Rogers' "Motion to Remand"[79] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this __12th__ day of September, 2016.

                                                *Nannette Jolivette Brown*
                                            **NANNETTE JOLIVETTE BROWN**
                                            **UNITED STATES DISTRICT JUDGE**

---

[79] Rec. Doc. 7.